UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**SAMUEL & STEIN**
David Stein (DS 2119)
David Nieporent (DN 9400)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jeronimo Leyva, Jose Hernandez, and Miguel Leyva, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>   - vs. –<br><br>San Diego Corp. d/b/a Extra Supermarket and John Does #1-10,<br><br>    Defendants. | DOCKET NO. 18-CV-16488<br><br>**COMPLAINT** |

  Plaintiffs Jeronimo Leyva, Jose Hernandez, and Miguel Leyva, by and through their undersigned attorneys, for their complaint against defendants San Diego Corp. d/b/a Extra Supermarket and John Does #1-10, allege as follows, on behalf of themselves individually and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiffs Jeronimo Leyva, Jose Hernandez, and Miguel Leyva allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants San Diego Corp. d/b/a Extra Supermarket and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs Jose Hernandez, Jeronimo Leyva, and Miguel Leyva further complain that they are entitled to back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New Jersey Wage and Hour Law.

**THE PARTIES**

3. Plaintiffs Mr. Jeronimo Leyva and Mr. Miguel Leyva are adult individuals residing at 45 42nd Street, Irvington, New Jersey.

4. Plaintiff Mr. Jose Hernandez is an adult individual residing at 160 Orchard Street, Elizabeth, New Jersey.

5. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6. Upon information and belief, defendant San Diego Corp., d/b/a Extra Supermarket ("Extra Supermarket") is a New Jersey corporation with a principal place of business at 327 Lyons Avenue, Newark, New Jersey.

7. At all relevant times, defendant Extra Supermarket has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Upon information and belief, at all relevant times, defendant Extra Supermarket has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times, defendant Extra Supermarket has used goods and materials produced in interstate commerce, and has employed two or more individuals who handled such goods and materials.

10. Upon information and belief, defendants John Does #1-10 represent the owners, officers, directors, members, and/or managing agents of Extra Supermarket, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

11. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were employed by defendants in the United States at any time since November 20, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates at least one-and-one-half times their regular rate of pay for

4

hours worked in excess of forty hours per workweek (the "Collective Action Members").

15. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt supermarket workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

16. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

17. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

18. At all relevant times herein, defendants owned and operated a supermarket under the name Extra Supermarket in Newark, New Jersey.

19. Mr. Jeronimo Leyva was employed by defendants from approximately November 2015 through April 2018.

20. Mr. Hernandez was employed by defendants from approximately March 2013 through July 2018.

21. Mr. Miguel Leyva has been employed by defendants since January 2014.

22. Plaintiffs were employed to do general grocery store work such as receiving deliveries, stocking shelves, sweeping the store aisles, and keeping the basement and outside of the store clean.

23. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive responsibilities or the exercise of independent judgment about matters of business significance.

24. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. Plaintiffs each worked regular schedules of six days per week, as follows:

   a. Mr. Jeronimo Leyva generally worked 8½ hours per day; and
   b. Mr. Hernandez generally worked nine hours per day, but occasionally worked as many as ten hours;
   c. Mr. Miguel Leyva generally worked 10 hours per day the first two weeks of each month, and 8½ hours per day the rest of the month.

26. As a result, Mr. Jeronimo Leyva generally worked about 51 hours per week, Mr. Hernandez generally worked at

6

least 54 hours per week, and Mr. Miguel Leyva generally worked either 60 or 51 hours per week, depending on the week.

27. Plaintiffs were each paid fixed weekly salaries that did not vary based on the exact number of hours they worked in a week, as follows:

    a. Mr. Jeronimo Leyva was paid $440 per week when his employment began, but in early 2017 received a raise to $520 per week; and

    b. Mr. Hernandez was paid $530 per week throughout his employment;

    c. Mr. Miguel Leyva was paid $450 per week when his employment began, but in early 2017 received a raise to $550 per week and a raise to $600 per week in mid-2018.

28. Plaintiffs were each paid in cash, and received no paystubs with their pay.

29. Defendants willfully failed to pay plaintiffs the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New Jersey Wage & Hour Law, and the supporting federal and New Jersey regulations.

30. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today,

defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' supermarket that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

31. Upon information and belief, these other individuals also worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New Jersey Wage and Hour Law.

32. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New Jersey Wage and Hour Law.

## COUNT I

### (Fair Labor Standards Act – Overtime)

33. Plaintiffs, on behalf of themselves and all Collective Action members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

8

34. At all relevant times, defendants employed plaintiffs and the Collective Action members within the meaning of the FLSA.

35. At all relevant times, defendants had a policy and practice of refusing to pay premium compensation to plaintiffs and the Collective Action members for hours worked in excess of forty hours per workweek.

36. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action members at a rate at least one-and-one-half times their respective regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Due to defendants' FLSA violations, plaintiffs and the Collective Action members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT II**

### **(New Jersey Wage and Hour Law - Overtime)**

39. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

40. At all relevant times, plaintiffs were employed by defendants within the meaning of the New Jersey Wage and Hour Law.

41. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of New Jersey Wage and Hour Law § 34:11-56a1 et seq. and New Jersey Administrative Code N.J.A.C. §12:56-6.1.

42. Defendants' failure to pay overtime was willful and intentional in violation of N.J.S.A. § 34:11-56a1 et seq. and N.J.A.C. §12:56-6.1.

43. Due to defendants' New Jersey Wage and Hour Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the Collective Action members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey Wage and Hour Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New Jersey Wage and Hour Law;

    e. An award of liquidated damages as a result of defendants' willful failure to pay proper overtime compensation pursuant to 29 U.S.C. § 216;

    f. Back pay;

    g. Punitive damages;

    h. An award of prejudgment and postjudgment interest;

    i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j. Such other, further, and different relief as this Court deems just and proper.

Dated: November 20, 2018

*[signature: David Stein]*

David Stein (DS 2119)
David Nieporent (DN 9400)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Extra Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Extra Supermarket y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Jeronimo Cruz Leyva

Date:  July 10, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Extra Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Extra Supermarket y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Jose Hernandez

Date: July 10, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Extra Supermarket and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Extra Supermarket y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Miguel Leyva

Date:  July 10, 2018