# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this 28th day of October, 2019, between Jeronimo Leyva, Jose Hernandez, and Miguel Leyva ("Plaintiffs") and San Diego Corp. d/b/a Extra Supermarket ("Defendant") (each of Plaintiff and Defendant may individually be referred to as a "Party" and are collectively referred to as the "Parties").

**WHEREAS** Plaintiffs were employed by Defendant at its supermarket at various times from at least 2013 through 2018.

**WHEREAS** Plaintiffs Jeronimo Leyva, Jose Hernandez, and Miguel Leyva, through their counsel, Samuel & Stein, have filed an action in the United States District Court, District of New Jersey ("the Court"), under Docket No. 18-cv-16488, alleging, *inter alia*, violations by defendant of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, as well as violations under the New Jersey Wage and Hour Law ("NJW&HL").

**WHEREAS** Defendant denies all of the material allegations asserted by Plaintiffs in their Complaint and has denied and continues to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against Plaintiffs;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to resolve and settle the Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE**, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

    a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendant shall make a total payment of $52,500 (the "Settlement Sum"), as set forth in Paragraphs 1(b) – 1(h) below.

    b. The specific amounts payable to each Plaintiff and to Plaintiffs' Counsel shall be as set forth in the Rider attached to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

    c. Payment shall be issued to "Samuel & Stein, as Attorneys for Plaintiffs." Plaintiffs' counsel shall be responsible for disbursing this money according to

1

the terms of this Agreement, upon receipt of the Settlement Sum from Defendant.

d. Payment due under this Agreement shall be made so that it is received by Plaintiffs' Counsel within 14 days of plaintiffs' execution of the Agreement, or within 5 days of the Effective Date, whichever is later.

e. The payment specified above shall be delivered to Samuel & Stein at the address specified in Paragraph 15, or shall be wired to the Samuel & Stein attorney trust account.

f. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), attorney trust account check, or wire transfer. In the event that any payment issued by Defendant pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendant shall reimburse Plaintiffs and/or Plaintiffs' counsel for any bank fees incurred as a result of the returned check(s).

g. Except as provided above, each Party shall bear the Party's own costs and fees.

h. It is expressly understood that no party hereto is entitled to, and shall not seek, attorneys' fees from the other in connection with this matter except as expressly set forth herein. It is further expressly understood that no party shall be deemed the prevailing party in this matter.

2. **Releases.**

   a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiffs and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendant and its predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New Jersey Wage and Hour Law; (c) defendant's failure to pay any wages owed to plaintiffs; and/or (d) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan,

severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. Defendant and its successors and assigns will release, remise, acquit and forever discharge Plaintiffs from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs' relationship with Defendant, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiffs committed or omitted prior to the date of this Agreement and Release.

c. Plaintiffs hereby expressly consent that the release contained in Paragraph 2(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiffs hereby expressly acknowledge that they have been advised to review this Agreement and the release that it contains with an attorney, that they understand and acknowledge the significance and consequences of said release, and that they understand and acknowledge that without such provision, Defendant would not have entered into this Agreement or provided Plaintiffs with the payments and benefits described in Paragraph l.

d. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; or (c) any other claims that, under controlling law, may not be released by private settlement.

e. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

3

4. **Non-Admission**

   The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiffs of any of Defendant's policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendant of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **Successors and Assigns**

   Upon the merger or consolidation of the corporate defendant into or with another entity, this Agreement and Release shall bind and inure to the benefit of both the current corporate defendant and the acquiring, succeeding, or surviving entities, as the case may be.

6. **Applicable Law; Forum Selection**

   This Agreement shall be governed by, and construed in accordance with, the laws of the State of New Jersey without reference to its conflicts of laws principles. The Parties consent to the sole jurisdiction of the United States District Court for the District of New Jersey for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New Jersey having jurisdiction over Essex County.

7. **Execution in Counterparts; Facsimile signatures; Force and effect**

   This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral Reference**

   a. Plaintiffs agree not to make any false statement about Defendant or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

b. Defendant agrees not to make any false statement about Plaintiffs that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

c. Should Defendant or its agents, successors or assigns, be contacted regarding an employment reference for any Plaintiff, Defendant shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendant is specifically asked about the Action as part of a request for an employment reference, Defendant will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

   a. The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

   b. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 15, and the breaching Party shall have five (5) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). Should Defendant cure the breach within the cure period, Plaintiffs shall be entitled to a payment of an administrative fee of $100.00 (One Hundred Dollars) (the "Administrative Fee") for the cured payment, which shall be due and payable along with the cured payment. In the event a material breach of this Agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, attorneys' fees, and disbursements required in order to enforce this Agreement, in addition to any other relief a court deems just and proper.

   c. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

10. **No Retaliation**

Consistent with its legal obligations, Defendant will not retaliate against Plaintiffs for participating in the Action and/or settlement, including but not limited to contacting their current employers about them.

11. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall

modify this Agreement unless signed by Plaintiffs and an authorized representative of Defendant hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiffs acknowledge that Defendant has made no promises to them other than those contained in this Agreement.

12. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

13. **Interpretation**

    a. **Construal.** Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b. **Severability.** In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

    c. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

    d. **Recitals.** The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

14. **Representations and Warranties**

    a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

c. Plaintiffs represent that, other than the Action, Plaintiffs have not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

15. **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendant shall be sent via email, facsimile, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

| Plaintiffs: | Defendant: |
|---|---|
| David Stein, Esq. | Jamie P. Clare, Esq. |
| Samuel & Stein | Cole Schotz P.C. |
| 38 West 32nd Street, Suite 1110 | 25 Main Street |
| New York, NY 10001 | Hackensack, NJ 07601 |
| Fax: (212) 563-9870 | Fax: (201) 678-6354 |
| dstein@samuelandstein.com | jclare@coleschotz.com |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

## 16. Signatures

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

Jeronimo Leyva
Date: 10/28/19 (2019)

Jose Hernandez
Date: 10/25/2019

Miguel Leyva
Date: 10/28 (2019)

San Diego Corp.

By: Pedro O. Rodriguez (print)
Date: 10/22/2019

8

## RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiffs and plaintiffs' counsel shall be broken down as follows:

| Payee | Total |
| --- | --- |
| Jose Hernandez | $13,440.00 |
| Jeronimo Leyva | $8,449.51 |
| Miguel Leyva | $13,303.83 |
| | |
| Samuel & Stein | $17,306.66 |

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jeronimo Leyva, Jose Hernandez, and Miguel Leyva, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. -<br><br>San Diego Corp. d/b/a Extra Supermarket and John Does #1 - 10,<br><br>Defendants. | DOCKET NO. 18-cv-16488 (WJM) (MF) |

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Jeronimo Leyva, Jose Hernandez, and Miguel Leyva ("Plaintiffs"), and San Diego Corp. d/b/a Extra Supermarket ("Defendant"), that all of Plaintiffs' claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated: October 28 2019

SAMUEL & STEIN

By: _____
David Stein

38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs

COLE SCHOTZ P.C.

By: _____
Jamie P. Clare

25 Main Street
Hackensack, New Jersey 07601
(201) 525-6354
Attorneys for Defendant

SO ORDERED:

_____
Hon. William J. Martini, U.S.D.J.